UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GASSAN MARZUQ and TANISHA RODRIGUEZ, as substituted party for LISA CHANTRE<br><br>    Plaintiffs,<br><br>v.<br><br>CADETE ENTERPRISES, INC., T.J. DONUTS, INC., SAMOSET ST. DONUTS, INC. and JOHN CADETTE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 11-10244-LTS |

ORDER ON PENDING MOTIONS (DOC. NOS. 124, 125)

April 8, 2016

SOROKIN, J.

I.    BACKGROUND

Plaintiffs Gassan Marzuq ("Marzuq") and Lisa Chantre ("Chantre") (collectively "Plaintiffs") initiated this Fair Labor Standards Act ("FLSA") action, on behalf of themselves and, pursuant to 29 U.S.C. § 216(b), all others similarly situated on February 14, 2011, when they filed a Complaint.[1]  Doc. No. 1.  The case was originally before Judge Wolf.  Doc. No. 2. He referred the case to Magistrate Judge Boal for all pre-trial proceedings, as well as necessary reports and recommendations, on January 13, 2012.  Doc. No. 16.  On September 1, 2011, Plaintiffs then filed an Amended Complaint, the First Amended Complaint, which still included

---

[1] Chantre passed away during the course of this litigation.  Doc. No. 47.

claims on behalf of both the individual plaintiffs and other similarly situated individuals who chose to opt in. Doc No. 15; see id. ¶ 4.

Plaintiffs filed an Assented to Motion for Leave to Amend the Complaint on April 17, 2012. Doc. No. 25. The Plaintiffs "request[ed] leave to amend the complaint to eliminate the Plaintiffs' representation of 'all other similarly situated and all other class-action allegations." Id. at 1. The motion continued: "There will be no class action sought in this case." Id.; see Doc. No. 26 (Second Amended Complaint, which omitted such claims). On May 7, 2012, while this motion was pending, Plaintiffs filed an additional Motion to Amend, this time seeking to add a retaliation claim on behalf of Marzuq. Doc. No. 27. Over Defendants' opposition, see Doc. No. 29, Judge Boal granted Plaintiffs' Motions to Amend. Doc. Nos. 32, 33. Plaintiffs then filed the operative Third Amended Complaint on July 18, 2012. Doc. No. 34. The Third Amended Complaint raised only individual claims, and it no longer included any reference to similarly situated individuals in the caption. Id.

The case proceeded through discovery, and on February 22, 2013, Defendants moved for summary judgment. Doc. No. 50. While Judge Boal recommended that the motion be denied, Doc. No. 73, Judge Saylor, to whom the case was reassigned, Doc. No. 39, denied the motion solely for the retaliation claims, and granted summary judgment on the FLSA claims. Doc. No. 77. The parties then reached a settlement on the retaliation claims, see Doc. No. 103, and Plaintiffs appealed Judge Saylor's decision granting summary judgment on the FLSA claim. See Doc. No. 105. The First Circuit vacated the grant of summary judgment for defendants and remanded the case, Doc. No. 112, and the case was reassigned here. Doc. No. 117.

Plaintiffs now bring two motions, both of which Defendants oppose. One is a Motion for Notice to be Issued to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b) ("Motion for

notice"). See Doc. No. 125; Doc. No. 126.  The other is a Motion to Consolidate Cases, which would combine this case with another one before Judge Saylor, Pike v. New Generation Donut, 12-cv-12226-FDS, involving two different employees.  See Doc. Nos. 124; Doc. No. 128.  The Court addresses each motion in turn.

II.     MOTION FOR NOTICE

Because Plaintiffs have waived any claims on behalf of similarly situated individuals, the Court DENIES Plaintiff's motion for notice.  Plaintiffs brought such claims originally, maintained them through the First Amended Complaint, and then, almost four years ago, moved to voluntarily dismissed them from this litigation.  Additionally, before Judge Boal acted on Plaintiffs' proposed Second Amended Complaint, Plaintiffs moved to amend again, but instead of reasserting those claims, they added the retaliation claims.  Only now, years later, after the parties have settled the retaliation claims and the FLSA claims had gone to judgment (albeit one which the First Circuit subsequently vacated), do Plaintiffs seek to revive the collective action claims under 29 U.S.C. § 216(b).  This sequence of events—initially bringing the collective action claims; amending to remove those claims; amending again without reasserting those claims; proceeding to settlement, final judgment, appeal, and remand; and only then seeking to reassert the collective action claims—constitutes waiver of those claims.

Additionally, while Plaintiffs have not asked for it, they are, for all practical purposes, seeking leave to amend their Complaint to reassert these claims.  This motion, coming years after the close of discovery—when this case is now ready for trial—is untimely.  And beyond the undue delay it would cause (in terms of having to reopen discovery and then any resolve subsequent dispositive motions), Defendants' counsel represented to the Court at a Status Conference that the parties engaged in settlement negotiations predicated on Plaintiffs' dismissal

of these very claims. This underscores the prejudice to Defendants of allowing those same claims back in. Thus, for these reasons, the motion for notice is DENIED.

III.     MOTION TO CONSOLIDATE CASES

In deciding whether or not to consolidate cases, "[t]he threshold issue is whether the two proceedings involve a common party and common issues of fact or law." Seguro de Servicio de Salud v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). If met, the Court "has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" Id. (internal citations omitted).

The Court invokes its discretion to decline consolidating this case with Pike. While this case has completed discovery and is essentially ready for trial, Pike has yet to begin discovery. And, unlike this case, Pike features Massachusetts law claims for unpaid hours and failure to pay minimum wage. Finally, each case involves a fact-intensive inquiry into each plaintiff—in particular involving differences in purported and actual job responsibilities—reducing consolidation's helpfulness. Thus, the motion to consolidate is DENIED.

IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Notice to be Issued to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b), Doc. No. 125, and Plaintiffs' Motion to Consolidate Cases. Doc. No. 124. The parties shall file a status report within fourteen days addressing: 1) whether they seek referral to the Court's mediation program; 2) whether both parties consent to the exercise of jurisdiction by the magistrate judge assigned to this case; and 3) the expected duration of the trial.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge